Filed 5/13/21  P. v. Morris CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JAMES KAMPLY MORRIS,<br><br>        Defendant and Appellant. | B308015<br><br>(Los Angeles County<br>Super. Ct. No. MA028244) |

        APPEAL from an order of the Superior Court of Los Angeles County, Lisa M. Chung, Judge.  Affirmed.

        James Kamply Morris, in pro. per.; and J. Kahn, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

James Kamply Morris appeals from a postconviction order denying his petition for resentencing under Penal Code[1] section 1170.95.  His appellate counsel filed a brief asking this court to proceed under *People v. Wende* (1979) 25 Cal.3d 436.

The petition arose from Morris's convictions of murder and attempted murder.  As described in our prior opinion affirming the judgment of conviction, *People v. Morris* (Feb. 21, 2008, B194027, B195547) [nonpub. opn.],[2] Morris and his codefendant Jamal Young were gang members.  In retaliation for a prior shooting, they drove to a house party attended by rival gang members.  Young, the driver, stopped the car in front of the house.  From the car, Morris fired four or five shots toward the house, killing one man and wounding three others.  After, Morris and Young bragged about the shooting.

An information charged Morris, Young, and one other man with one count of murder (§ 187, subd. (a)) and three counts of attempted murder (§§ 664, 187, subd. (a)), with principal gun use enhancements (§ 12022, subd. (a)(1)) alleged as to all counts.  A jury found Morris guilty as charged and also found that the attempted murders were committed willfully, deliberately, and with premeditation (§ 664, subd. (a)).  In 2006, the trial court sentenced Morris to 25 years to life plus one year for the gun enhancement on count 1 and to a consecutive life term with a minimum parole eligibility of seven years plus one year on count

---

[1] All further undesignated statutory references are to the Penal Code.

[2] We take judicial notice of that opinion and of the appellate record in that case.  (Evid. Code, §§ 451, subd. (a), 452, subd. (d).) Morris also agreed that it is proper to consider the record of conviction in determining eligibility under section 1170.95.

2.  As we have said, this Division affirmed the judgment of conviction and rejected Morris's contention there was insufficient evidence he had the intent to kill as to all counts.  (*People v. Morris*, *supra*, B194027, B195547.)

In 2019, Morris petitioned for resentencing under section 1170.95.  That section was added by Senate Bill No. 1437, under which malice may no longer be imputed to a person based solely on the person's participation in the crime; now, the person must have acted with malice aforethought to be convicted of murder. (§ 188; *People v. Munoz* (2019) 39 Cal.App.5th 738, 749, review granted Nov. 26, 2019, S258234.)  To that end, the natural and probable consequences theory of accomplice liability no longer applies to murder.  And a participant in enumerated crimes is liable under the felony-murder doctrine only if the participant was the actual killer; or with the intent to kill, aided and abetted an accomplice in the commission of first degree murder; or was a major participant in the underlying felony and acted with reckless indifference to human life.  (§ 189, subd. (e); see *Munoz*, at pp. 749–750.)

Using a form petition, Morris checked the appropriate boxes to indicate eligibility for relief under section 1170.95, including that he was not the actual killer and he had been convicted under one of the now-invalid theories.  The trial court appointed counsel for Morris.  The People filed a response to the petition and argued that section 1170.95 was unconstitutional, and, in any event, relief was unavailable because Morris was not convicted under either a felony-murder or natural and probable consequences theory.  In his written reply, Morris submitted on the record of conviction as established in *People v. Morris*, *supra*, B194027, B195547.

3

At a hearing on the section 1170.95 petition, the trial court found the law constitutional. However, the trial court's review of the court file and jury instructions showed that Morris was not tried under the felony-murder or natural and probable consequences doctrines. Therefore, the trial court found that Morris was ineligible for relief.

Morris appealed. His appellate counsel declared she was unable to find any arguable issues and asked us to follow the *Wende* procedures, while acknowledging that some Courts of Appeal have found that *Wende* review does not apply to appeals from orders denying postconviction relief. (See, e.g., *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted Oct. 14, 2020, S264278; *People v. Serrano* (2012) 211 Cal.App.4th 496). *Cole*, at pages 1039 to 1040, found that an appeal from a postconviction order may be dismissed if counsel has found no arguable issues and if the defendant has not filed a supplemental brief. But where the defendant has filed a supplemental brief, the Court of Appeal must evaluate any arguments raised in the brief and issue a written opinion disposing of the trial court's order on the merits. (*Ibid.*) Here, Morris has filed a supplemental brief. Accordingly, without deciding whether *Cole* is correct in part or whole, we proceed to review his contentions.

In his supplemental brief, Morris appears to ask us to reconsider evidence showing he was not the actual shooter. He thus refers to, for example, the alleged absence of evidence of premeditation and planning and of evidence to corroborate an accomplice's testimony. However, we may not on appeal reweigh evidence or reevaluate the credibility of witnesses. (*People v. Brown* (2014) 59 Cal.4th 86, 106.)

4

As to the section 1170.95 petition, potential relief under that section extends only to those convicted of murder under the natural and probable consequences or felony-murder doctrines. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1056, review granted Sept. 23, 2020, S263939.) Morris's jury was not instructed on either of those theories. Instead, the jury was instructed that Morris was being prosecuted for murder under two theories: (1) the murder was willful, deliberate and premeditated and (2) the murder was committed by shooting from a motor vehicle at another person outside the vehicle with intent to kill. Both theories required intent to kill. Further the jury was instructed with CALCRIM Nos. 400 and 401 on liability as an aider and abettor. Because Morris could only have been convicted as the actual shooter or as a direct aider and abettor, and the jury necessarily found he had the intent to kill, he is therefore ineligible for relief. (See, e.g., *People v. Verdugo* (2020) 44 Cal.App.5th 320, 330, review granted Mar. 18, 2020, S260493 [relief unavailable if record of conviction establishes conviction on ground remaining valid notwithstanding amendments to sections 188 & 189].)

We have examined the record and found no arguable issues. We are further satisfied that Morris's attorney has fully complied with the responsibilities of counsel.

## DISPOSITION

The order denying the Penal Code section 1170.95 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICAL REPORTS**


EDMON, P. J.

We concur:



LAVIN,  J.



EGERTON, J.